UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

The United States of America
*ex rel.*
Osmose, Inc.,

Plaintiff,

v.

(1) Chemical Specialties, Inc.; and
(2) Viance, LLC,

Defendants.

---

Civ. No.: __________

**CONFIDENTIAL**
**FILED UNDER SEAL**

# COMPLAINT

Plaintiff, the United States of America *ex rel.* Osmose, Inc., alleges as its Complaint against defendants as follows:

## Introduction

1. This is an action to recover damages, treble damages, and penalties on behalf of the United States of America on account of false and fraudulent claims made or caused to be made by defendants, their agents, employees, and co-conspirators, in violation of the Federal Civil False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended (the "Act").

2. These violations address the fraudulent specification and sale by defendants of D-Blaze®, a fire retardant chemical sold to and used by wood treaters. As set forth below, D-Blaze, when used in accordance with defendants' specifications, does not work as a fire retardant as defendants represented nor as expected by consumers, including departments and agencies of the United States government who buy D-Blaze-treated wood products.

3. In particular, and as set forth in detail below, when used as specified by defendants, D-Blaze fails to produce fire retardant treated wood products that can pass the

required testing. Upon information and belief, wood products treated with D-Blaze in accordance with defendants' own specifications are not imparted with sufficient chemical to be effective and to pass the required fire retardancy testing.

4. The Act provides that any person who knowingly submits or causes to be submitted, or conspires to submit, a false or fraudulent claim to the United States of America for payment or approval is liable for a civil penalty of between $5,500 and $11,000 for each false or fraudulent claim submitted or paid, plus three times the amount of damages sustained by the United States of America from the payment of such fraudulent claims. The Act's *Qui Tam* provisions further allow any person having information regarding a false or fraudulent claim against the United States of America to bring an action for himself (as the "relator") and for the United States of America, and to share in any recovery.

5. Based on these provisions of the Act, Osmose, as plaintiff/relator, seeks to recover damages, treble damages, and civil penalties arising from false claims made to the United States of America that were knowingly presented or caused to be presented to, and were paid by, the United States of America as a result of the acts of defendants and their agents, employees, and co-conspirators.

**Parties**

6. Plaintiff/relator Osmose, Inc. is and was, at all times relevant to this Complaint, a corporation organized and existing under the laws of the State of New York, with a principal office for the transaction of business located at 980 Ellicott Street, Buffalo, New York

14209. Osmose has personal knowledge of the facts alleged in this Complaint and is acquainted with defendants and their business practices.

7. Osmose is the original source of the factual allegations of this Complaint within the meaning of section 3730(e)(4)(B) of the Act.

8. Upon information and belief, Chemical Specialties, Inc. ("CSI") is a corporation organized and existing under the laws of the State of North Carolina, with a principal office for the transaction of business located at 5910 Pharr Mill Road, Harrisburg, North Carolina 28075.

9. Upon information and belief, Viance, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal office for the transaction of business at 200 East Woodlawn Road, Suite 350, Charlotte, North Carolina 28217.

**Jurisdiction and Venue**

10. Defendants are doing business in this District and elsewhere in New York and are subject to this Court's jurisdiction.

11. Upon information and belief, Viance is authorized to do business in New York.

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. section 1331 and 31 U.S.C. section 3732, both of which specifically confer jurisdiction on this Court for actions under the Act ( *i.e.*, under 31 U.S.C. sections 3729 and 3730).

13. Venue is proper in this jurisdiction under 31 U.S.C. section 3732(a) because any one or all of the defendants can be found, reside, and/or transact business within the Western District of New York. Venue is also proper pursuant to 28 U.S.C. sections 1391(b) and (c).

**Allegations of Fact**

14. At all relevant times, Osmose, CSI, and Viance were and are in the business of selling wood treatment chemicals, among other things.

15. Viance is a joint venture between CSI and Rohm and Haas Company. CSI is wholly owned by Rockwood Holdings, Inc. At various times, the product at issue here has been sold by CSI and/or Viance.

16. The wood treatment chemical formulation at issue in this case is D-Blaze, a liquid concentrate sold to wood treaters by CSI and Viance as a fire retardant, and applied to wood by the wood treaters in accordance with defendants' specifications. CSI first sold D-Blaze in the 1984-1985 time frame. As set forth below, when applied to wood in accordance with defendants' specifications, D-Blaze does not work as represented or as expected, which creates severe life-safety risks when the D-Blaze treated wood products are incorporated into vessels or structures designed to be built with fire retardant wood products.

17. Defendants have sold and continue to sell D-Blaze to wood treaters, who use D-Blaze to produce fire retardant wood products. The wood treaters use the D-Blaze chemical to treat wood via a pressure treatment process in accordance with defendants' specifications and procedures. The wood treaters then sell their finished treated wood products

with an Underwriters Laboratories ("UL") stamp certifying that they meet the applicable fire retardancy performance requirements.

18. In particular, defendants falsely and fraudulently represented that wood products treated with D-Blaze according to their specifications met or exceeded applicable standards, including the Department of Defense's Military Specification (MIL Spec) MIL-L-19140E. That MIL Spec incorporates and relies upon ASTM E84, which is a standardized test method to measure surface burning characteristics. Wood treated with D-Blaze must meet this standardized test for fire retardancy.

19. Instead, D-Blaze-treated wood products fail this test by wide margins. In particular, Osmose has *tested and confirmed* that Southern Yellow Pine plywood (the most commonly used species of plywood) treated with D-Blaze to the pounds-per-cubic-foot retention level specified by defendants (0.8 pcf to 1.1 pcf) repeatedly fails the ASTM E-84 test; it fails this surface burn test in just a fraction of the required 30 minutes.

20. D-Blaze-treated Southern Yellow Pine plywood passes this test only when *approximately double* the amount of D-Blaze is imparted into the wood (*i.e.*, 1.6 pcf retention), which reveals that defendants are fraudulently selling a diluted product to increase their profits at the expense of life safety and the federal fisc.

21. Although Osmose has not tested and confirmed it, Osmose believes that D-Blaze applied in accordance with defendants' specifications will produce similarly deficient test results with other species of plywood and with non-plywood lumber.

22. D-Blaze-treated wood products are highly defective products that defendants are causing to be sold to the government to get false claims paid. Osmose has confirmed this as to Southern Yellow Pine plywood, and believes it to be true as to other species of plywood and non-plywood lumber products.

23. Defendants' misrepresentations are material to the government's decision to pay the resulting claims.

24. As a result of defendants' misrepresentations, D-Blaze-treated wood and plywood are listed on the Department of Defense's Qualified Products List (QPL-19140-79).

25. Defendants have sold and continue to sell D-Blaze to wood treaters, who use it to make D-Blaze-treated plywood and wood in accordance with defendants' specifications and procedures, and then sell D-Blaze-treated wood products to various bureaus and agencies of the Departments of Defense, State, Interior, and Housing and Urban Development, at a minimum.

26. Wood products treated with D-Blaze have been and continue to be used extensively in Naval Shipyards and on Navy ships, and in the construction of military barracks, family housing, military bases, embassies, and low-income housing, among others.

27. A few examples of these false claims include D-Blaze sold to wood treater and distributor Bowie-Sims-Prange Group, which then sold D-Blaze-treated plywood to the Navy at the Norfolk Naval Shipyard and the Portsmouth Naval Shipyard, to the Joint Reserve Base in Carswell, Texas (as recently as early-2009), to the U.S. Embassy in Macedonia, and to

the U.S. Pacific possession, Wake Island, which is under the control of the Interior Department and hosts Army and Air Force activities.

28. Additional examples include D-Blaze-treated wood and plywood sold by distributor Network Distributors, Inc. to the Army at Fort Bragg, to the Marine Corps at Camp LeJeune, and to an Air Force base. Regarding sales to the United States government, Network Distributors has represented to Osmose that they are “in there every day.”

29. The most recent Portsmouth Naval Shipyard invoice that Osmose is aware of is document No. N 390409065E007 (for 2”x12”x16’ wood).

30. The U.S. Embassy in Macedonia bought 3/4”x4’x8’ plywood in March 2007 under Purchase Order No. EP02025-1.

31. The use of D-Blaze-treated wood and plywood is widespread throughout United States government vessels, installations, and buildings.

32. In connection with the submission of numerous false and fraudulent claims, defendants, together with their agents, employees, and co-conspirators, created false documents to support fraudulent claims made and/or caused to be made to the United States of America.

33. Defendants’ practices described in this Complaint constitute “claims” for payment submitted under the Act and, in particular, under 31 U.S.C. 3729(c).

34. During the time at issue in this Complaint, defendants and their employees, agents, and co-conspirators, knowingly presented or caused to be presented false and

fraudulent claims to the United States of America through the submission of requests for payment as described below.

35. The United States of America paid monies demanded through the presentment of false claims.

36. During the time at issue in this Complaint, defendants and their employees, agents, and co-conspirators, knowingly made false records or statements that directly resulted in improper payments being made by the United States of America.

37. During the time at issue in this Complaint, defendants and their employees conspired and agreed among themselves and with others, both known and unknown, to create and submit for payment to the United States of America false and fraudulent claims for payment (and/or to cause the same) with knowledge and intent to defraud the United States of America and, during the relevant period, performed acts in furtherance of such conspiracy that ultimately resulted in the United States of America improperly paying for defective D-Blaze-treated products.

## Count I

### Substantive Violations of the False Claims Act
### [31 U.S.C. §§ 3729(a)(1) and (a)(2)]

38. Osmose repeats and realleges each allegation of numbered paragraphs 1 through 37 of this Complaint as part of this First Cause of Action.

39. Defendants, together with their agents, employees, and co-conspirators, presented and/or caused to be presented to the United States of America knowingly false and

fraudulent claims for payment and, as well, knowingly created and made false records and/or statements to get a false or fraudulent claim paid or approved.

40. As a result of the knowingly false and fraudulent claims submitted and/or caused to be submitted by defendants, together with their agents, employees, and co-conspirators, the United States of America paid for D-Blaze-treated plywood that it should not have. Osmose believes that this issue goes well beyond Southern Yellow Pine plywood to include other species of D-Blaze lumber and plywood, but has not confirmed this belief with testing similar to those it conducted on D-Blaze Southern Yellow Pine plywood.

41. As a result of defendants' knowing conduct and fraudulent charging, the United States of America has paid defendants (and/or their wood treaters or distributors, who paid defendants) substantial amounts of money, which total, at this time, is unknown but which can be expected to exceed several tens of millions of dollars.

42. As a result of the knowingly fraudulent conduct of defendants together with that of their respective agents, employees, and co-conspirators, defendants are liable to the United States of America for the amount of the payments made to it, trebled, plus penalties, interest, and attorneys' fees under the Act.

**Count II**

**False Claims and Conspiracy**
**[31 U.S.C. § 3729(a)(3)]**

43. Osmose repeats and realleges each allegation contained in paragraphs 1 through 42 of this Complaint as part of this Second Cause of Action.

44. Defendants and their employees knowingly conspired among themselves and with others, including defendants' employees and agents, to defraud the United States of America by causing false and fraudulent claims to be submitted and/or by knowingly making and submitting false claims for payment by submitting claims for payment to the United States of America that defendants knew were false.

45. Upon information and belief, in furtherance of the conspiracy, defendants committed the acts set forth above.

46. Based upon the false and fraudulent claims submitted and/or caused to be submitted by defendants, the United States of America paid defendants, or paid wood treaters or distributors, who paid defendants, for services and/or products that defendants were not entitled to be paid for.

47. As a result, the United States of America has sustained substantial damages directly related to payments made based upon false and fraudulent claims, and defendants are therefore liable to the United States of America for the amount of such payments made, trebled, together with penalties, interest, and the costs of this action, including attorneys' fees, as provided for by the Act.

## Jury Demand

48. Osmose demands a jury on all issues and matters triable by a jury under this Complaint.

## Relief Requested

WHEREFORE, the United States of America *ex rel.* Osmose, Inc. demands judgment against defendants as follows:

a) On the first cause of action, for treble damages under 31 U.S.C. § 3729(a)(1) and (a)(2) in an amount to be determined at trial, plus penalties, costs, interest, and attorneys' fees;

b) On the second cause of action, for treble damages under 31 U.S.C. § 3729(a)(3) in an amount to be determined at trial, plus penalties, costs, interest, and attorneys' fees;

c) On the first and second causes of action, for the damages sustained by the United States of America; and

d) For award of such other and further relief as this Court deems proper as a matter of law or under the False Claims Act, 31 U.S.C. §§ 3729, *et seq*.

Dated: Buffalo, New York
May 1, 2009

**HODGSON RUSS LLP**
*Attorneys for Osmose, Inc.*

By: s/Daniel C. Oliverio
Daniel C. Oliverio, Esq.
Joseph V. Sedita, Esq.
John L. Sinatra, Jr., Esq.
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 856-4000